UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22508-CIV-ALTONAGA/Reid

**STINGER TEES, INC.**,

    Plaintiff,
v.

**LIV GOLF, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On June 2, 2025, Plaintiff, Stinger Tees, Inc. filed a Complaint [ECF No. 1] asserting four claims for relief against Defendant, LIV Golf, Inc. (*See id.* ¶¶ 40–88). Upon review, the Court concludes that the Complaint is an impermissible shotgun pleading and must be dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (alterations added). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of

the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Such complaints make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). For this reason, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a quintessential shotgun pleading. Plaintiff's second through fourth claims for relief each "re-allege[] and incorporate[] by reference the allegations of the preceding paragraphs as though fully set forth [t]herein." (Compl. ¶¶ 55, 62, 77 (alterations added)). Plaintiff's copy-paste approach makes it difficult to ascertain what factual allegations and legal conclusions correspond to each claim. *See Beckwith v. Bellsouth Telecommc'ns Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). That is precisely the defect the Eleventh Circuit has repeatedly condemned: "[t]he result is that [the second through fourth] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Stinger Tees, Inc.'s Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **June 9, 2025** to submit an amended complaint correcting the foregoing deficiencies.

CASE NO. 25-22508-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 3rd day of June, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record