UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

| | |
|---|---|
| STINGER TEES, INC. d/b/a STINGER GOLF,<br><br>Plaintiff,<br><br>vs.<br><br>LIV GOLF INC., and WORLD WIDE GOLF BRANDS LTD. d/b/a STUBURT, and FAIRWAY TM CO 6, LLC<br><br>Defendants. | CASE NO. 25-cv-22508-CMA<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

## ANSWER TO THIRD AMENDED COMPLAINT

World Wide Golf Brands Ltd. d/b/a Stuburt ("Stuburt" or "Defendant") by and through its undersigned counsel, hereby responds to the Third Amended Complaint ("Complaint") filed by Plaintiff Stinger Tees, Inc. d/b/a Stinger Golf ("Stinger Golf" or "Plaintiff").

### PRELIMINARY STATEMENT

1. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Stuburt denies the allegations contained in Paragraph 2 of the Complaint, except admits only that the term STINGER GC is used by Defendants LIV Golf and Stinger GC as the name of a golf team and in connection with related merchandise.

3. Stuburt denies the allegations contained in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Stuburt denies the allegations contained in Paragraph 4 of the Complaint, except admits only that the Complaint alleges claims of trademark infringement and unfair competition.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Stuburt denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Stuburt denies the allegations contained in Paragraph 6 of the Complaint.

7. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. Stuburt denies the allegations contained in Paragraph 8 of the Complaint.

9. Stuburt denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Stuburt denies the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Stuburt denies the allegations contained in Paragraph 11 of the Complaint.

**PARTIES**

12. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Stuburt admits the allegations contained in Paragraph 14 of the Complaint.

15. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

## FACTUAL BACKGROUND

### *Plaintiff and the STINGER Marks*

16. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24. Stuburt denies the allegations contained in Paragraph 24 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the resources invested by Stinger Golf.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Stuburt denies the allegations contained in Paragraph 25 of the Complaint, except admits only that U.S. Trademark Registration Nos. 3,398,038, 4,281,501, and 6,837,849 appear to be in Plaintiff's name.

26. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Stuburt denies the allegations contained in Paragraph 26 of the Complaint.

27. Stuburt denies the allegations contained in Paragraph 27 of the Complaint.

### *Defendants and the Infringing Marks*

28. Stuburt denies the allegations contained in Paragraph 28 of the Complaint, except admits only that Stuburt uses STINGER GC in connection with merchandise related to a golf team.

29. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. Stuburt denies the allegations contained in Paragraph 30 of the Complaint.

31. Stuburt denies the allegations contained in Paragraph 31 of the Complaint.

32. Stuburt denies the allegations contained in Paragraph 32 of the Complaint.

33. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies the same.

34. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Stuburt lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint with respect to Defendants LIV Golf's and Stinger GC's activities. Stuburt denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42. Stuburt denies the allegations contained in Paragraph 42 of the Complaint.

43. Stuburt denies the allegations contained in Paragraph 43 of the Complaint.

44. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Stuburt denies the allegations contained in Paragraph 45 of the Complaint.

46. Stuburt denies the allegations contained in Paragraph 46 of the Complaint.

47. Stuburt denies the allegations contained in Paragraph 47 of the Complaint.

48. Stuburt denies the allegations contained in Paragraph 48 of the Complaint.

49. Stuburt denies the allegations contained in Paragraph 49 of the Complaint.

50. Stuburt denies the allegations contained in Paragraph 50 of the Complaint.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114(1)(a))

51. Stuburt incorporates by reference its responses to the allegations in Paragraphs 1 through 50 of this Answer as though fully set forth herein.

52. Stuburt denies the allegations contained in Paragraph 52 of the Complaint, except admits only that the first ground for relief identified in the Complaint is federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114. For the avoidance of doubt, Stuburt denies that it is liable for the first ground for relief.

53. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54. Stuburt denies the allegations contained in Paragraph 54 of the Complaint.

55. Stuburt denies the allegations contained in Paragraph 55 of the Complaint.

56. Stuburt denies the allegations contained in Paragraph 56 of the Complaint.

57. Stuburt denies the allegations contained in Paragraph 57 of the Complaint, and avers that Plaintiff's consent is not required.

58. Stuburt denies the allegations contained in Paragraph 58 of the Complaint.

59. Stuburt denies the allegations contained in Paragraph 59 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations

concerning whether Defendants LIV Golf and Stinger GC had actual knowledge of Plaintiff's use of the term STINGER.

60. Stuburt denies the allegations contained in Paragraph 60 of the Complaint.

61. Stuburt denies the allegations contained in Paragraph 61 of the Complaint.

62. Stuburt denies the allegations contained in Paragraph 62 of the Complaint.

63. Stuburt denies the allegations contained in Paragraph 63 of the Complaint.

64. Stuburt denies the allegations contained in Paragraph 64 of the Complaint.

65. Stuburt denies the allegations contained in Paragraph 65 of the Complaint.

66. Stuburt denies the allegations contained in Paragraph 66 of the Complaint.

## COUNT II:
## UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(A))

67. Stuburt incorporates by reference its responses to the allegations in Paragraphs 1 through 66 of this Answer as though fully set forth herein.

68. Stuburt denies the allegations contained in Paragraph 68 of the Complaint, except admits only that the second ground for relief identified in the Complaint is federal unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125. For the avoidance of doubt, Stuburt denies that it is liable for the second ground for relief.

69. Stuburt denies the allegations contained in Paragraph 69 of the Complaint.

70. Stuburt denies the allegations contained in Paragraph 70 of the Complaint.

71. Stuburt denies the allegations contained in Paragraph 71 of the Complaint.

72. Stuburt denies the allegations contained in Paragraph 72 of the Complaint.

73. Stuburt denies the allegations contained in Paragraph 73 of the Complaint.

## COUNT III:
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

74. Stuburt incorporates by reference its responses to the allegations in Paragraphs 1 through 73 of this Answer as though fully set forth herein.

75. Stuburt denies the allegations contained in Paragraph 75 of the Complaint, except admits only that the third ground for relief identified in the Complaint is common law trademark infringement under Florida law. For the avoidance of doubt, Stuburt denies that it is liable for the third ground for relief.

76. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the same.

77. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore denies the same.

78. Stuburt denies the allegations contained in Paragraph 78 of the Complaint.

79. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore denies the same.

80. Stuburt denies the allegations contained in Paragraph 80 of the Complaint.

81. Stuburt denies the allegations contained in Paragraph 81 of the Complaint.

82. Stuburt denies the allegations contained in Paragraph 82 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Defendants LIV Golf and Stinger GC had actual knowledge of Plaintiff's use of the term STINGER.

83. Stuburt denies the allegations contained in Paragraph 83 of the Complaint.

84. Stuburt denies the allegations contained in Paragraph 84 of the Complaint.

85. Stuburt denies the allegations contained in Paragraph 85 of the Complaint.

86. Stuburt denies the allegations contained in Paragraph 86 of the Complaint.

87. Stuburt denies the allegations contained in Paragraph 87 of the Complaint.

88. Stuburt denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT IV:
## FLORIDA COMMON LAW UNFAIR COMPETITION

89. Stuburt incorporates by reference its responses to the allegations in Paragraphs 1 through 88 of this Answer as though fully set forth herein.

90. Stuburt denies the allegations contained in Paragraph 90 of the Complaint, except admits only that the fourth ground for relief identified in the Complaint is common law unfair competition under Florida law. For the avoidance of doubt, Stuburt denies that it is liable for the fourth ground for relief.

91. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore denies the same.

92. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore denies the same.

93. Stuburt denies the allegations contained in Paragraph 93 of the Complaint.

94. Stuburt lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore denies the same.

95. Stuburt denies the allegations contained in Paragraph 95 of the Complaint.

96. Stuburt denies the allegations contained in Paragraph 96 of the Complaint.

97. Stuburt denies the allegations contained in Paragraph 97 of the Complaint.

98. Stuburt denies the allegations contained in Paragraph 98 of the Complaint.

99. Stuburt denies the allegations contained in Paragraph 99 of the Complaint.

100. Stuburt denies the allegations contained in Paragraph 100 of the Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Stuburt respectfully requests that the Court grant the following relief:

(a)  Dismiss the Third Amended Complaint in its entirety;

(b)  Enter judgment in favor of Defendants and against Plaintiff on all causes of action alleged in the Third Amended Complaint;

(c)  Award Defendants their attorneys' fees, costs, and expenses in the amount and manner permitted by applicable law; and

(d)  Award such other and further relief as the Court deems just and proper.;

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Stuburt asserts the defenses set forth below. These defenses are asserted based upon Stuburt's preliminary investigation of the asserted allegations, which is not yet complete and will remain so pending discovery in this matter. Stuburt may have additional defenses and affirmative defenses to Plaintiff's claims.

Stuburt, therefore, reserves the right to add, delete, or modify the affirmative defenses in this Answer, and reserves all defenses at law or equity that may now exist or in the future be available based on discovery and further investigation.

## FIRST AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has sustained no injury or damage as a result of any act, omission or conduct of Stuburt. Plaintiff has failed to provide any indication that it has lost any sales or suffered any harm to its reputation that has been proximately caused by any action by Stuburt. Any assertion to the contrary is purely speculative. Plaintiff's inability to demonstrate any lost sales, diminished goodwill, reputational harm, or

other measurable damages, let alone any such damages that have been proximately caused by Stuburt, precludes recovery of monetary relief under the Lanham Act.

To the extent Plaintiff seeks equitable remedies such as disgorgement of profits or injunctive relief, Plaintiff cannot meet the required showing of willfulness, irreparable harm, or lack of adequate remedy at law.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Upon information and belief, Plaintiff became aware of Defendants LIV Golf's and Fairway's use of the term STINGER GC as the name of a golf team and in connection with related merchandise at least as early 2022. Upon information and belief, settlement discussions between the parties began in August 2023. Upon information and belief, after nearly a year of ongoing negotiations, in July 2024, LIV Golf tendered a settlement proposal to Plaintiff that would concern all uses of the STINGER GC mark in connection with a golf team and related merchandise. Plaintiff never acknowledged or responded to that offer. Plaintiff's almost year-long failure to respond, especially after its earlier objection, is tantamount to a representation that it did not and does not believe it has been, is, or will be harmed by any Defendants use of the term STINGER GC. As a result, Stuburt expended significant resources in developing, marketing, and promoting merchandise related to the Stinger GC golf team in reasonable reliance on Plaintiff's representation. It would now be inequitable to permit Plaintiff to assert its claims after having induced Stuburt into a position of reasonable reliance to its detriment. Accordingly, Plaintiff is estopped from asserting the claims or damages alleged in the Complaint under the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  Upon information and belief, the launch of the Stinger GC golf team was publicly announced at the start of its inaugural season in 2022.  Upon information and belief, Plaintiff has been aware of Defendants LIV Golf's and Fairway's use of the term STINGER GC as the name of a golf team and in connection with related merchandise since that time.  Despite Plaintiff's longstanding awareness of the Stinger GC team, Plaintiff has unreasonably delayed in asserting its alleged trademark rights for over three years.  Moreover, Plaintiff did not respond to Defendant LIV Golf's most recent settlement offer concerning all uses of STINGER GC in connection with a golf team and related merchandise in July 2024.  Instead, Plaintiff remained silent for nearly a year prior to filing this action, leading Stuburt to understand Plaintiff had withdrawn any objections it may have had to the STINGER GC mark, and to reasonably rely on Plaintiff's inaction as manufactured and sold merchandise related to the Stinger GC team and invested substantial time, effort, and resources into building goodwill and recognition of the Stinger GC team and its related merchandise.  As a result of Plaintiff's inexcusable delay and the undue prejudice it has caused to Stuburt, Plaintiff's asserted claims and damages are barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.  Upon information and belief, after initially objecting in August 2023 to Defendants' use of the term STINGER GC in connection with its Stinger GC team, Plaintiff ceased responding to communications and settlement attempts by LIV Golf concerning all uses of STINGER GC in connection with a golf team and related merchandise.  Upon information and belief, prior to

filing this action, Plaintiff maintained its silence for nearly a year after LIV Golf made its most recent settlement offer in July 2024, during which time the parties peacefully co-existed. Stuburt understood Plaintiff's silence and active disregard of the settlement communications as an implicit representation that it had withdrawn any objection it may have had to Defendants conduct and an assurance that it would not assert its alleged trademark rights against Defendants. In reasonable reliance on Plaintiff's conduct, Stuburt manufactured and sold merchandise related to the Stinger GC team and invested substantial time, effort, and resources into building goodwill and recognition of the Stinger GC team and its related merchandise to its detriment. Thus, Plaintiff's inexcusable delay in asserting its alleged trademark rights has caused undue prejudice to Stuburt, and Plaintiff's asserted claims and damages are barred by the equitable doctrine of acquiescence.

Dated: November 20, 2025

                    Respectfully submitted,

                    By:  /s/ *Benjamin H. Brodsky*

BRODSKY FOTIU-WOJTOWICZ, PLLC
Benjamin H. Brodsky, Esq.
Florida Bar No. 73746
Mariana Muci, Esq.
Florida Bar No. 101723
44 W. Flagler Street, Suite 2200
Miami, Florida 33130
T. 305-503-5054
bbrodsky@bfwlegal.com
mariana@bfwlegal.com
docketing@bfwlegal.com
*Counsel for Defendant LIV Golf Inc.*

Co-Counsel

Frankfurt Kurnit Klein & Selz
Kimberly Maynard, Esq. (admitted *pro hac vice*)
kmaynard@fkks.com
Michael Salik, Esq. (admitted *pro hac vice*)
msalik@fkks.com
28 Liberty Street
New York, NY 10005
T: 212-705-4853
*Counsel for Defendant LIV Golf Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2025, a true and correct copy of the foregoing was electronically filed via CM/ECF and served upon all counsel of record.

By:    /s/ *Benjamin H. Brodsky*
         Benjamin H. Brodsky, Esq.